1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:  (310) 712-6600
6  Fax:  (310) 712-8800

7  *Attorneys for Plaintiffs j2 Global, Inc. and*
   *Advanced Messaging Technologies, Inc.*
8
9  Daniel C. Cotman (SBN 218315)
   dcotman@cotmanip.com
   Ellen Wei (SBN 277202)
10 ellen@cotmanip.com
   COTMAN IP LAW GROUP, PLC
11 117 East Colorado Blvd, Suite 460
   Pasadena, California 91105
12 Tel.: (626) 405-1413
   Fax:  (626) 628-0404
13
14 *Attorneys for Defendant Nextiva, Inc.*

15
                **UNITED STATES DISTRICT COURT**
16
                **CENTRAL DISTRICT OF CALIFORNIA**
17

18
19 j2 GLOBAL COMMUNICATIONS,          Case No. CV 11-6450 DDP (AJWx)
   INC. AND ADVANCED
   MESSAGING TECHNOLOGIES,
20 INC.,                              **STIPULATED PROTECTIVE
                                      ORDER**
21                    Plaintiffs,

22        v.

23 NEXTIVA, INC.,

24                    Defendant.

25

26

27

28

The parties to this action stipulate to, and seek entry of, the following Protective Order:

1.     "Confidential" information is information that, in good faith, a party believes to contain (a) proprietary or commercially sensitive information which is not publicly known and which its owner would not reveal to others except in confidence; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under the Federal Rules of Civil Procedure.  If a person, including a third party, producing information under this Order (the "Producing Person") designates information as "Confidential," the designated information shall be treated as Confidential unless successfully challenged under ¶ 11.  When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential."

2.     "Restricted Confidential" information shall be limited to information that, in good faith, a party believes to contain (a) current and past business planning and financial information; (b) trade secrets; (c) past or current company personnel or employee information; (d) source code; and (e) information concerning a party's sales or the design, structure or workings of a party's products or systems which would, if it became known to other parties, harm the competitive position of its owner.  If a Producing Person designates information as Restricted Confidential under this Order, the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11.    When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential" or "Attorneys Eyes Only."  For avoidance of doubt, documents marked "Attorneys Eyes Only" shall be treated as Restricted Confidential materials under the terms of this Protective Order.

///

///

-1-

3.     Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

4.     When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

5.     A person receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation or any other litigation between or among parties to this action, provided that such other litigation does not involve any party that is not a party to this action.

6.     By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information.  All receiving persons other than attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support service, shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this Order and agree to submit to the jurisdiction of the Central District of California for enforcement of this Order.  Counsel for each party shall maintain all original acknowledgments, and will produce the same to the opposing party when so ordered by the Court.

7.     A Receiving Person may disclose Restricted Confidential information only to the following:

a.  outside litigation counsel retained by a party in this action, including attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support services;

b.  independent experts or consultants retained by outside litigation

-2-

1  counsel;

2  c.  any person giving testimony in this action at deposition, trial or

3  hearing, but only if the person giving testimony is the creator, author or

4  recipient of the Restricted Confidential information; provided that such

5  persons may not retain any documents containing Restricted Confidential

6  information provided to them at such deposition, trial or hearing;

7  d.  the Court, its personnel and any court reporters involved in taking or

8  transcribing testimony in this action; and

9  e.  any other person by written agreement of the parties or by order of the

10  Court.

11      8.      A Receiving Person may disclose Confidential information only

12  to the following:

13  a.  persons listed in ¶ 7; and

14  b.  any person giving testimony in this action at deposition, trial or

15  hearing witnesses, but only for purposes of reasonable, material, and

16  relevant testimony or preparation of such testimony in the litigation,

17  provided that such persons may not retain any documents containing

18  Protected Information; and

19  c.  employees of the Receiving Person to whom disclosure is reasonably

20  necessary for the management, supervision, or oversight of the litigation.

21      9.      Before a Receiving Person can share Protected Information

22  received from another party in the litigation with an independent expert or

23  consultant under ¶ 7.b, the Receiving Person shall provide the Producing Person

24  written notice of its intention, which shall include the proposed expert's curriculum

25  vitae as well as a list of any previous or current relationship with any party to this

26  action.  If the Producing Person objects to the disclosure, it must send a written

27  objection, including a detailed explanation of its objection, that is received within

28  ten business days after the Producing Person's receipt of the written notice.

-3-

Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of promptly filing a motion and establishing good cause to support its objection.

10.   Deposition testimony may be designated as Confidential or Restricted Confidential on the record. If not so designated in the transcript, deposition testimony shall be deemed Restricted Confidential until thirty days following the reporter's distribution of the final transcript. During those thirty days, a party may designate portions of the transcript under ¶ 1 or ¶ 2 by sending written designations to all parties to this action.

11.   If a Receiving Person disagrees with a designation of information under ¶ 1 or ¶ 2, it shall provide the Producing Person written notice of its challenge. If the parties cannot resolve this dispute, the Receiving Person may bring a motion challenging the designation under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of showing that the information is Confidential or Restricted Confidential. Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

13. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure as soon as possible after discovery. The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

14.   In the event a party produces documents subject to the attorney-client privilege or work product doctrine through inadvertence, mistake, or other

-4-

error, such production shall not be a waiver of privilege or immunity. The producing party must promptly give notice to all other parties of the inadvertent production. Upon such notice, the Receiving Person promptly shall make best efforts to collect all copies of the documents and destroy them or return them to the Producing Person.

15. In the event that any Protected Information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Restricted Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

16. To the extent that any Confidential or Restricted Confidential information subject to this Protective Order (or any pleading, motion, or memorandum referring to them) is proposed to be filed or is filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Restricted Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed. Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under seal. However, only those portions of filings containing Confidential or Restricted Confidential information shall be filed under seal. The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential information shall be redacted.

17. Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

-5-

18.     Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer or director of the Producing Person.

19.     No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) and Local Rules 37-1 through 37-4.

20.     The Parties acknowledge and agree that nothing in this protective order is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during discovery, and that, in the event of any inconsistency, the procedures defined by the Local Rules shall govern.  If the Parties wish to file the Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the Parties may file a separate stipulation to that effect, or the moving party may file an *ex parte* application making the appropriate request.  The Parties acknowledge and agree that the stipulation or *ex parte* application must demonstrate good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

///

///

///

///

///

///

///

///

///

-6-

21.    Within sixty days of the termination of litigation between the parties, all Protected Information shall be destroyed or returned to the Producing Person, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each correspondence transmitted between outside counsel for the parties to this action.

So **ORDERED AND SIGNED** this   1st    day of   March, 2013.

*/s/  Andrew J. Wistrich*

HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

-7-

**EXHIBIT A**

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, _____ (print name), declare as follows:

I certify that I have received a copy of the Stipulated Protective Order ("Order") in the matter captioned *j2 Global Communications, Inc. and Advanced Messaging Technologies, Inc.* v. *Nextiva, Inc.* United States District Court for the Central District of California, Case No. CV 11-6450 DDP (AJWx), which governs the production and use of Protected Information in this case. I have read and understand the Order. I hereby acknowledge that I am bound by the Order, and I agree to abide by it. I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.


_____
(Signature)

_____
(Print Name)

-8-