Daniel C. Cotman (Bar No. 218315)
dcotman@cotmanip.com
Obi Ian Iloputaife (Bar No. 192271)
obi@cotmanip.com
Soseh Moghoyan (Bar No. 289764)
soseh@cotmanip.com
COTMAN IP LAW GROUP, PLC
117 East Colorado Blvd, Suite 460
Pasadena, Ca 91105
(626) 405-1413/FAX: (626) 628-0404
*Attorneys for Defendant/Counterclaimant*
NEXTIVA, INC
**[CONT'D ON PAGE 2]**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEXTIVA, INC., <br><br> Defendants. <br>_____<br> NEXTIVA, INC., <br><br> Counter Claimant, <br><br> v. <br><br> j2 GLOBAL COMMUNICATIONS, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Counter Defendants. | Case No.: 2:11-CV-06450-DDP (AJWx) <br><br> **NEXTIVA, INC.'S SUPPLEMENTAL BRIEF ON THE EFFECT OF THE MDL ACTION RULING ON THE '066 PATENT CLAIM CONSTRUCTION** <br><br> Current Hearing Date: N/A <br> Courtroom No.: 3 <br> Time: 10:00 a.m. Pretrial Conf.:July 28, 2014 <br> Trial Date: August 12, 2014 <br><br> **JUDGE:** Hon. Dean D. Pregerson, Judge Presiding <br><br> Hon. Andrew J. Wistrich, Magistrate Judge |

J. Curtis Edmondson, P.E. (CA SBN 236105)
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro, OR 97124
(503) 336-3749
(503) 482-7418 fax
jcedmondson@edmolaw.com
*Attorneys for Defendant and Counterclaimant,*
*NEXTIVA, INC*

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

**Contents**

I.    INTRODUCTION ................................................................................................... 5

II.    ARGUMENTS......................................................................................................... 5

    A.    The Construction in the MDL Action Is Entitled To "Reasoned Deference" Under the Broad Principles of *Stare Decisis* and the Goal of Uniformity Because the Same Family of Patents Are Involved.................................................................................................. 5

    B.    The Issues And Arguments Presented By Nextiva Before This Court For The Disputed Claim Phrase "User-Specific Message Storage Area" Are The Same As Those Considered By The Court In The MDL Action And Quite Different From Those Considered In This Court's Previous Constructions ............................................................................................ 7

    C.    Nextiva Agrees With The Construction By The Court In The MDL Action Which Concluded, After Reviewing The Intrinsic Evidence, That The Patentee Clearly Intended The Message Storage Area To Be User-Specific And To Exclude Messages From Other Users........ 8

        1.    The Plain and Ordinary Meaning of the Claim Language Unequivocally Supports the Construction in the MDL Action ....................................................................... 8

        2.    The Specification Unequivocally Supports the Construction in the MDL Action.......... 9

        3.    The Prosecution History Unequivocally Supports the Construction in the MDL Action 10

III.    CONCLUSION.................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Arthur A. Collins, Inc. v. N. Telecom Ltd.*, 216 F.3d 1042 (Fed.Cir.2000) ........................................ 6

*Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371 (Fed. Cir. 2004) ............................................. 5

*Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973 (Fed.Cir.1999) ........................................................ 6

*Exxon Chem. Patents Inc. v. Lubrizol Corp.*, 64 F.3d 1553 (Fed. Cir. 1995).................................... 5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002) ................................. 9

*In re Hyatt*, 708 F.2d 712 (Fed. Cir. 1983)........................................................................................ 5

*Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 540 F. Supp. 2d 1233 (M.D. Fla. 2008) ............................................................................................................................................. 2

*Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 301 F. Supp. 2d 970 (S.D. Iowa 2004) .................................................................................................................................... 5

*KX Indus., L.P. v. PUR Water Purification Prods., Inc.*, 108 F. Supp. 2d 380 (D. Del. 2000)......... 2

*Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456 (Fed.Cir.1998).......................................... 6

*Markman v. Westview Instr., Inc.*, 517 U.S. 370 (1996)..................................................................... 2

*Microsoft Corp. v. Multi–Tech Sys., Inc.*, 357 F.3d 1340 (Fed.Cir.2004) .......................................... 6

*Schindler Elevator Corp. v. Otis Elevator Co.*, 593 F.3d 1275 (Fed. Cir. 2010) .......................... 7, 9

*TIP Syst., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364 (Fed. Cir. 2008) ..................... 10

*Zoltar Satellite Systems, Inc. v. LG Elecs. Mobile Communications Co.*, 402 F.Supp.2d 731 (E.D.Tex.2005) .............................................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On December 20, 2013, *after* the parties in the present action submitted *Markman* briefs on U.S. Patent No. 6,350,066 ("the '066 Patent"), Judge Lefkow from the United States District Court for the Northern District of Illinois issued a claim construction ruling construing the term "user-specific message storage area" from the '066 Patent.  *See In re Unified Messaging Solutions, LLC Patent Litigation*, MDL No. 2371 (N.D. Il.) (hereinafter the "MDL Action") (RJN 1).  Since this claim term is presently disputed between the parties in the instant action, Judge Lefkow's ruling merits consideration by the Court as uniform constructions for the same term creates less ambiguity for the parties and increase efficiency for the Court.

Pursuant to this Court's Order, dated January 2, 2014 (DI-94, at 2), granting Defendant Nextiva, Inc. ("Nextiva") leave to file a supplemental brief to address the effect of Judge Lefkow's decision on the construction of the disputed claim term in the present case, Nextiva respectfully submits that, for uniformity and efficiency, the Court should consider and adopt the construction of the court in the MDL Action for the claim term "user-specific message storage area".

## II.    ARGUMENTS

### A.     The Construction in the MDL Action Is Entitled To "Reasoned Deference" Under the Broad Principles of *Stare Decisis* and the Goal of Uniformity Because the Same Family of Patents Are Involved

As articulated by the United States Supreme Court, it is well-settled that prior claim constructions of terms and/or phrases in related patents are entitled to a "reasoned deference," with such deference turning on the persuasiveness of the order, under the broad principles of *stare decisis* and the goal of <u>uniformity</u> in claim construction. *See Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 540 F.

1  Supp. 2d 1233, 1242 (M.D. Fla. 2008) (citing *Markman v. Westview Instr., Inc.*, 517
2  U.S. 370, 390 (1996) (noting that generally, *stare decisis* should promote uniformity
3  in the claim construction of a given patent)); *see also Zoltar Satellite Systems, Inc. v.*
4  *LG Elecs. Mobile Communications Co.*, 402 F.Supp.2d 731 (E.D.Tex.2005)
5  ("inconsistent claim constructions of the same claims by different courts can create
6  serious problems," which "especially deserve consideration when the same patent is
7  simultaneously being litigated in another district.").

8  Although this Court has issued at least two orders containing judicial claim
9  constructions for various terms and phrases of the '066 patent, the Court does not
10 need to defer to its own prior construction when new arguments and issues are raised
11 by a defendant that was not a party to the previous constructions. *see KX Indus., L.P.*
12 *v. PUR Water Purification Prods., Inc.*, 108 F. Supp. 2d 380, 387 (D. Del. 2000)
13 ("While the court's previous opinion does not have issue preclusive effect against
14 PUR in this case, to the extent the parties do not raise new arguments, the court will
15 defer to its previous construction of the claims."). Because new arguments were
16 raised, the court in *KX Indus* actually revisited at least one of its earlier constructions
17 and changed it. *See Id*. at 389 ("After reviewing Degen and the specification of the
18 '311 patent, the court finds that its earlier opinion ... about the scope of Koslow's
19 disclaimer was wrong.").

20 The issues and arguments raised by Nextiva in the present case are new to this
21 Court and are identical to the issues and arguments presented to the court in the
22 MDL Action, which resulted in the disputed "user-specific message storage area"
23 term being construed differently from this Court's previous constructions for the
24 same patent family. Thus, the construction adopted by the court in the MDL Action
25 should be entitled to "reasoned deference" under the broad principles of *stare decisis*
26 and the goal of <u>uniformity</u>.

27
28

**B. The Issues And Arguments Presented By Nextiva Before This Court For The Disputed Claim Phrase "User-Specific Message Storage Area" Are The Same As Those Considered By The Court In The MDL Action And Quite Different From Those Considered In This Court's Previous Constructions**

While the claim phrase "user-specific message storage area" was construed by this Court in the *Captaris*[1] and *Vitelity*[2] cases, where Nextiva was not a party, a review of the Court's Order indicates that the Court did not address the specific issue of whether the messages for a user are stored in a storage area (e.g. directory or directories) specific to that one user and thus separate from the storage areas of other users.

In *Captaris*, the issue presented to the Court by the defendants was whether "user-specific message storage area" could refer to a physical portion of a storage medium. See RJN 2, *Captaris,* at 15. ("Captaris's proposed definition includes the word 'portion' in a way that might be misunderstood to refer to a physical portion of a storage medium…This court finds no support in the patent for imposing the limit Captaris suggests, i.e. defining a storage area as a physical area.").

In *Vitelity*, the issue before the Court was whether the messages stored in the "user-specific message storage area" are "accessible only by the intended recipient." See RJN 3, *Vitelity*, at 13. ("[I]f a message were 'accessible only by the intended recipient,' then individuals … whom the recipient has given his password to could not access the messages, nor could a repair person for that matter. Such a result would be absurd.").

Nextiva's proposed construction for the "user-specific message storage area" requires neither a physical portion of a storage medium, as Captaris argued, nor that the stored messages are "accessible only by the intended recipient," as argued by

---

[1] RJN 2, Claim Construction Order, DI-205, March 4, 2011; Case No. 09-CV-04150-DDP-AJW
[2] RJN 3, Claim Construction Order, DI-65, September 13, 2013; case No. 11-CV-07904-DDP-AJW

1  Vitelity. Nextiva's construction requires that the message storage area, whether
2  physical or logical, be user-specific by containing messages for one particular user
3  separate from the storage areas for messages of other users. Indeed, in *Captaris*, this
4  Court stated that, regardless of whether a storage area is physical or logical, the
5  claim language requires the "area" itself to be "user-specific." RJN 2, *Captaris*, at 15
6  ("a logical storage area may extend over multiple [physical] 'portions' of the storage
7  medium, while still remaining 'user-specific.'").

### C. Nextiva Agrees With The Construction By The Court In The MDL Action Which Concluded, After Reviewing The Intrinsic Evidence, That The Patentee Clearly Intended The Message Storage Area To Be User-Specific And To Exclude Messages From Other Users

The dispute between the parties in the present case is similar to the MDL Action where the question was whether a "user-specific message storage area" refers to a message storage area that is specific to the user and thus separate from that of other users (as Nextiva contends) or whether it can include any and all types of storage areas for storing a user's messages, including storage areas in which a specific user's messages are commingled with other users' messages (as j2 contends). Nextiva agrees with the Court in the MDL Action that "user-specific message storage area" means a "storage area specific to a user separate from storage areas of other users."

#### 1. The Plain and Ordinary Meaning of the Claim Language Unequivocally Supports the Construction in the MDL Action

Nextiva believes that this term is properly understood as a "user-specific" "message storage area" or a "message storage area" that is "user-specific." The plain and ordinary meaning of the claim language unequivocally supports Nextiva's construction, as a reader would naturally understand "user-specific" to be modifying the area, not the message. Commonly understood rules of grammar permit no other

conclusion. *See, e.g., In re Hyatt*, 708 F.2d 712, 714 (Fed. Cir. 1983) ("A claim must be read in accordance with the precepts of English grammar."); *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 301 F. Supp. 2d 970, 977-78 (S.D. Iowa 2004) ("[T]he normal rules of grammar and syntax apply to interpreting the claim meaning.").

## 2. The Specification Unequivocally Supports the Construction in the MDL Action

As a logical matter, a message storage area that is "user-specific" cannot include within it messages not specific to that user. *See Exxon Chem. Patents Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1557 (Fed. Cir. 1995) (courts "must give meaning to all the words in [the] claims."); *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) ("[W]e construe the claim as written, not as the patentees wish they had written it."). No embodiment in the specification requires, or even suggests, actually commingling messages of different users, as j2's proposed definition implies. The specification, in fact, emphasizes the opposite even though j2 tries to use it as argument that Nextiva's proposed construction limits the claim to specific embodiment. *See, e.g.*, RJN 4, '066 patent, 12:32-36.

j2's argument on this point (here and in the previous cases) appears to rely on the following portion of the patent specification to suggest that the patentee intended to depart from the plain meaning of this claim limitation:

> In the preferred embodiment, the files for each user are stored in a separate directory assigned to just that one user because an entire directory for a given user can be protected easier than the individual files. <u>The memory, however, may be organized in other ways with the files for a single user being stored in different directories.</u>

RJN 4, '066 patent, 12:32-36. But this language does not support j2's construction. The specification merely notes that, as an alternative to using a single

directory for a user, the files for a "**single user** [may be] stored in different directories." In other words, the specification contemplates that there may be more than one user-specific message storage area for a given user; it does not suggest that one message storage area could be used to simultaneously store messages for multiple users. In fact, the specification later makes clear that the system must "store the message … in **an appropriate directory** in storage." Id. at 17:13-15. That is, regardless of whether a user's messages are stored in a single or multiple directories, the messages must be stored in an "appropriate directory", i.e. one that is "user-specific."

The dependent claims further reinforce this intuitive reading. For example, dependent claims 41 and 42 of the '066 patent (RJN 4) require that the user interface provide "an indication of the total number of new messages stored in the user-specific message storage area." Such claims only make sense if a "user-specific message storage area" stores messages for one user. If the user-specific message storage area contained messages for all users—as j2 contends—then these claims would illogically require a single individual's user interface to indicate the number of new messages for all users.

### 3. The Prosecution History Unequivocally Supports the Construction in the MDL Action

Similarly, the prosecution history[3] conclusively refutes j2's proposed construction. The phrase "user-specific message storage area" first appeared during reexamination of the '066 patent. The original '066 patent claims merely required "storing the message signal in a storage medium." See, e.g., RJN 4, '066 patent,

---

[3] The prosecution history of one patent includes the prosecution history of all patents from the same family. *Microsoft Corp. v. Multi–Tech Sys., Inc.*, 357 F.3d 1340, 1349 (Fed.Cir.2004) ("[T]he prosecution history of one patent is relevant to an understanding of the scope of a common term in a second patent stemming from the same patent application."); *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 980 (Fed.Cir.1999) ("When multiple patents derive from the same initial application, the prosecution history regarding a claim limitation in any patent that has issued applies with equal force to subsequently issued patents that contain the same claim limitation."); accord *Arthur A. Collins, Inc. v. N. Telecom Ltd.*, 216 F.3d 1042, 1044 (Fed.Cir.2000); *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1460 & n. 2 (Fed.Cir.1998).

27:40-41. During reexamination, these claims were rejected (see RJN 5, '066 Reexam, October 1, 2007 Office Action at 42). To obtain allowance, the applicant amended the claims to require that messages be stored—not just in a storage medium—but in a "user-specific message storage area of the storage medium." See, e.g., RJN 6, '066 Reexam Cert. at 1:57-58. As such, j2 cannot now argue that the narrower amended language used to overcome a rejection during reexam should have the same scope as the broader claim language that was the subject of the rejection. *See Schindler Elevator Corp. v. Otis Elevator Co.*, 593 F.3d 1275, 1285 (Fed. Cir. 2010) (holding that the addition of new claim limitations necessarily limits a claim's original scope).

During the prosecution of the related '141 patent, the patentee confirmed the appropriateness of Nextiva's construction and grammatical interpretation.[4] To highlight that it is the storage area that must be user-specific, the patentee placed a comma between "specific" and "message":

> These claims further require "storing the message in a user-specific message storage area associated with the network server, wherein access to the **user-specific, message storage area** is restricted to the user…."

RJN 7, '141 FH, Feb. 16, 2010 Reply at 3 (emphasis added).

j2 would like this Court to disregard this February 16, 2010 communication to the U.S. Patent and Trademark Office (USPTO) in which the applicant placed a comma between "specific" and "message" (*i.e.*, "user-specific, message storage area") to highlight the fact that the storage area, and not just the message, must be user-specific. This was not a "singular" occurrence that could be attributed to "typographical error" because the applicant made this same argument in a later May

---

[4] The 7,836,141 (the '141 patent) is a continuation of U.S. Pat. No. 7,895,306 (the '306 patent), which is a continuation of U.S. Pat. No. 6,857,074 (the '704 patent), which is a continuation of U.S. Pat. No. 6,564,321 (the '321 patent), which is a continuation of U.S. Pat. No. 6,350,066.

11
**NEXTIVA'S SUPPLEMENTAL BRIEF RE MDL ACTION**

14, 2010 communication to the USPTO. RJN 8, '141 FH, May 14, 2010 Reply at 3. To underscore this very point, the applicant further explained that "[s]imply, the pending claims require that a message, itself, is stored in *a user-specific storage area*." *Id.* at 6. Thus, the record is clear that "user-specific" was intended to modify "storage area," and j2's argument to the contrary should be rejected.

The reexamination of the related '321 patent is similarly instructive. There, the applicant sought claims requiring that messages be variously stored either in a "database" or in "computer storage." The applicant urged the examiner to allow these claims, arguing that they were similar in scope to those allowed in the '066 reexamination. RJN 9, '321 Reexam, Aug. 26, 2009 Reply to Office Action at 20-21. The patent office rejected this argument, noting that a user-specific message storage area—as was allowed in the '066 patent—is narrower than a nonspecific message storage area, such as a "database" or "computer storage":

> The Patent Owner argues that the claims, as now amended, include features that were indicated as being allowable in a related reexamination proceeding. However, the examiner notes that the claims in the related reexamination proceeding do not have the same scope as the amended claims in the instant '321 Patent, whereby **the claims in the related reexamination proceeding are narrower in scope, such that the user interface provides one or more links to respective messages stored in the user-specific message area**.

RJN 10, '321 Patent Reexam, Mar. 3, 2010 Final Rejection at paragraph 4 (emphasis added). The patentee shortly thereafter acquiesced to the cancellation of claims directed to a "database" or "computer storage" area.

As was noted by the examiner during prosecution, the patent's "description of storage 11 is seen to be a database that stores messages and *includes a directory for each of the users*." RJN 11, '321 Reexam, Aug. 14, 2008 Reexam Determination, at 3. Indeed, the applicant repeatedly tried—and failed—to obtain claims directed to storage areas that were not user-specific. For instance, at various times during the

prosecution of the '321 and '066 patents, the applicant sought claims requiring that messages need only be stored in a "database" (RJN 9, '321 FH, Aug. 26, 2009 Reply at 2), or in a "computer storage" (*Id.*, at 6), or in a "storage medium" (RJN 12, '066 FH, Nov. 13, 2006 Reply at 2). The USPTO consistently rejected these claims. *See, e.g.*, RJN 10, '321 FH, March 3, 2010 Final Rejection and RJN 13, '066 FH, Feb. 2, 2007 Final Rejection. The applicant obtained allowance only by narrowing the claims to require that messages be stored in a "user-specific message storage area of the storage medium." RJN 6, '066 Reexam Cert. at 1:57-58. Further, during prosecution of the '141 patent, the applicant argued that a "user-specific message storage area" could *not* include databases in which multiple users' messages were commingled together, distinguishing prior art on that basis:

> the items of information stored in [the prior art] *are not stored in user-specific storage areas – they are stored in an unstructured, global database* and are unambiguously accessible to all users.

RJN 8,'141 FH, May 14, 2010 Reply at 6.

When the applicant introduced the term "user-specific message storage area," the applicant limited the claims to a separate storage area specific to a user and separate from the storage areas of other users. j2 cannot now reclaim in litigation that which was sought and rejected during prosecution. *Schindler Elevator Corp. v. Otis Elevator Co.*, 593 F.3d 1275, 1285 (Fed. Cir. 2010) (holding that the addition of new claim limitations necessarily limits a claim's original scope). j2 may argue that the applicant never expressly disavowed non-user-specific storage areas. However, this would be incorrect, as shown above. But in any event, the amendment itself is a concession that the scope of the claims has been narrowed. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002) ("A rejection indicates that the patent examiner does not believe the original claim could be patented. While the patentee has the right to appeal, his decision to forgo an appeal and submit an amended claim is taken as a concession that the invention as patented

does not reach as far as the original claim."). Nor is there merit to j2's suggestion that claims must be interpreted to include every embodiment that could be supported by the written description. Indeed, amendments made during prosecution narrow the scope of the claims and therefore exclude embodiments that are otherwise described in the specification. *See TIP Syst., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1373 (Fed. Cir. 2008) ("Our precedent is replete with examples of subject matter that is included in the specification, but is not claimed.").

Accordingly, the evidence is clear that when the applicant used the term "user-specific message storage area," it meant exactly that—a storage area that is specific to a user and thus separate from the storage areas of other users. The Court's construction in the MDL Action is therefore correct.

### III. CONCLUSION

For the above reasons, Nextiva respectfully requests that the Court adopt the construction of Judge Lefkow in the MDL Action that "user-specific message storage area" means "storage area specific to a user separate from storage areas of other users."

Dated: January 17, 2014                                          Cotman IP Law Group, PLC

                                                              s/Obi Iloputaife

By: _____

                                               Obi Iloputaife
                                               Daniel Cotman
                                               *Attorneys for Defendant/Counterclaimant Nextiva, Inc.*